IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
May 14, 2015 Session

## SHARON TAGG v. JAMES TAGG

### Appeal from the Circuit Court for Shelby County
No. CT00042508         Gina C. Higgins, Judge

### No. W2014-01767-COA-R3-CV – Filed May 26, 2015

This is a post-divorce case concerning the enforcement of a marital dissolution agreement, which the trial court incorporated into the divorce decree. The marital dissolution agreement required Appellant to pay Appellee's monthly rent. Appellant made two or three payments, then stopped. The Appellee filed several petitions and complaints seeking to enforce the marital dissolution agreement. Because the trial court did not make sufficient findings of fact and conclusions of law as required by Tennessee Rule of Civil Procedure rule 52.01, we vacate the judgment of the trial court and remand the case with instructions to conduct an evidentiary hearing and to issue sufficient findings of fact and conclusions of law.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Vacated and Remanded

KENNY ARMSTRONG, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

Ronald D. Krelstein, Germantown, Tennessee, for the appellant, James W. Tagg.

Eric H. Espey, Germantown, Tennessee, for the appellee, Sharon R. Tagg.

### OPINION

### I. Background

James W. Tagg ("Appellant") and Sharon R. Tagg ("Appellee") (together, "the Taggs") were married in 1978. Ms. Tagg filed suit for divorce on January 29, 2008, citing irreconcilable differences. As part of their divorce proceedings, the Taggs signed a Marital Dissolution Agreement ("MDA") dated May 22, 2008. Two sections of the MDA are relevant to this appeal.

First, Paragraph 7 of the MDA states, in pertinent part:

> In exchange for relinquishing her interest in the marital residence so as to allow the sale or transfer of the marital residence, [Mr. Tagg] shall be responsible for the payment of [Ms. Tagg]'s rent. Said rent is currently $1,300.00 monthly; however, [Mr. Tagg]'s obligation to pay [Ms. Tagg]'s rent or mortgage shall continue until [Ms. Tagg] economically no longer needs [Mr. Tagg]'s assistance. Both [Mr. Tagg] and [Ms. Tagg] shall agree that [Ms. Tagg] no longer needs the assistance.

The second relevant section, Paragraph 25, states that "[f]ailure of either party to insist upon strict performance of any of the provisions of this agreement shall be construed as a waiver of and any subsequent default of the same or similar nature."

On June 4, 2008, the Shelby County Circuit Court finalized the parties' divorce by final decree and incorporated the MDA into the final divorce decree. According to Ms. Tagg's deposition testimony, Mr. Tagg made two or three rent payments immediately following the entry of the divorce decree, but made no further payments thereafter. In response, on December 3, 2010, Ms. Tagg filed a "Petition for Enforcement of Marital Dissolution Agreement," alleging that Mr. Tagg had failed to meet his obligation to pay her rent. On February 2, 2011, Mr. Tagg responded to the petition, arguing that Ms. Tagg had waived her rights to the rent payments under Paragraph 25 of the MDA and that the MDA was an unenforceable contract. The trial court entered an order dated March 28, 2011, holding that the MDA was an enforceable contract. Without a specific finding on Mr. Tagg's waiver argument, the trial court also ordered Mr. Tagg to pay rent to Ms. Tagg. The order reserved the issues of arrearage and attorney's fees.

On June 6, 2011, Ms. Tagg filed a "Petition for Scire Facias for Citation for Civil and Criminal Contempt," claiming that Mr. Tagg had refused to comply with the trial court's order requiring him to pay Ms. Tagg's rent. Mr. Tagg filed a motion to dismiss the petition for contempt on June 16, 2011. Our record appears incomplete, because the next filing contained in the record is Mr. Tagg's July 10, 2014 answer to a complaint. It is unclear what complaint this answer is in response to. On July 25, 2014, the trial court

entered an order holding that the MDA was enforceable in its entirety, and that Paragraph 25 of the MDA did not excuse Mr. Tagg's failure to make payments pursuant to Paragraph 7. The trial court also awarded Mrs. Tagg $57,200 for breach of contract and $2,500 in attorney's fees.

## II. Issues

Appellant raises two issues as stated in his brief:
1. Whether the trial court erred when it found that Appellee did not waive her right to rent payments under Paragraph 25 of the MDA.
2. Whether the trial court erred when it found that Paragraph 7 of the MDA was an enforceable provision.

## III. Standard of Review

This case was tried without a jury. Accordingly, we review the findings of fact made by the trial court *de novo*, with a presumption of correctness unless the preponderance of the evidence is to the contrary. Tenn. R. App. P. 13(d). The trial court's conclusions of law, however, are reviewed *de novo* and "are accorded no presumption of correctness." ***Brunswick Acceptance Co., LLC v. MEJ, LLC***, 292 S.W.3d 638, 642 (Tenn. 2008).

## IV. Analysis

Unfortunately, we do not reach the substantive issues in this case due to procedural shortcomings. On review of the record in this case, we have determined that the trial court failed to make sufficient findings of fact and conclusions of law. Tennessee Rule of Civil Procedure 52.01 mandates that "In all actions tried upon the facts without a jury, the court *shall* find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment." ***Id.*** (emphasis added). Prior to July 1, 2009, trial courts were not required to make findings of fact and conclusions of law unless requested by the parties. *See* ***Poole v. Union Planters Bank N.A.***, 337 S.W.3d 771, 791 (Tenn. Ct. App. 2010). Rule 52.01 now mandates that trial courts make findings of fact and conclusions of law regardless of the parties' request. This requirement is not a "mere technicality." *See* ***Hardin v. Hardin***, No. W2012-00273-COA-R3-CV, 2012 WL 6727533, at *3 (Tenn. Ct. App. Dec. 27, 2012) (quoting ***In re K.H.***, No. W2008-01144-COA-R3-PT, 2009 WL 1362314, at *8 (Tenn. Ct. App. 2009)). "[F]indings and conclusions facilitate appellate review by affording a reviewing court a clear understanding of the basis of the trial court's decision." ***Lovlace***

3

*v. Copley*, 418 S.W.3d 1, 34 (Tenn. 2013).

"There is no bright-line test by which to assess the sufficiency of factual findings, but 'the findings of fact must include as much of the subsidiary facts as is necessary to disclose to the reviewing court the steps by which the trial court reached its ultimate conclusion on each factual issue.'" *Lovlace*, 418 S.W.3d at 35 (citing 9C CHARLES WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURES § 2571 at 219-233 (3d ed. 2005)). Although Mr. Tagg raised the waiver issue in the trial court, the trial court did not make any findings as to whether the Appellee waived her right to rent payments. As noted above, Paragraph 25 of the MDA states that the provisions of the MDA are waived if a party does not insist on "strict performance." The trial court's first order, dated March 28, 2011, merely held that the MDA in its entirety was enforceable, and it made no mention of waiver. The trial court's second order, dated July 25, 2014, states, in relevant part, that "The Court reaffirms its prior ruling that Paragraph 25 of the MDA does not excuse the defendant's failure to make the payments as required by paragraph 7 of the MDA." From these statements, we cannot determine the "steps by which the trial court reached its ultimate conclusion" on the factual issue. In fact, the orders do not reveal whether the trial court adjudicated the waiver issue at all.

The question of whether Ms. Tagg waived her right to rent payments from Mr. Tagg is a question of fact, and nothing in the trial court's orders suggests that the trial court considered this issue. The trial court's conclusion that Paragraph 25 of the MDA does not relieve Appellant of his obligation to pay rent is merely a legal conclusion regarding the contract itself. Furthermore, the orders do not address what constitutes "strict performance" for the purposes of waiver in Paragraph 25 of the MDA. Because the trial court did not address these issues, we conclude that the trial court did not comply with Tennessee Rule of Civil Procedure 52.01.

When a trial court's order fails to meet the requirement of Rule 52.01, "the appropriate remedy is to 'vacate the trial court's judgment and remand the cause to the trial court for written findings of fact and conclusions of law.'" *Hardin*, 2012 WL 6727533 at *5 (quoting *Lake v. Haynes*, No. W2010-00294-COA-R3-CV, 2011 WL 2361563, at *1 (Tenn. Ct. App. June 9, 2011)). Because the trial court trial did not comply with Rule 52.01, we vacate the judgment of the trial court and remand the cause with instructions to issue an order making sufficient findings in compliance with Tennessee Rule of Civil Procedure 52.01. We surmise that the trial court did not make sufficient factual findings because there was no evidentiary hearing conducted regarding whether Ms. Tagg had waived her right to rent payments. To facilitate compliance with Rule 52.01, we instruct the trial court to conduct an evidentiary hearing to determine

whether Ms. Tagg waived her right to rent payments from Mr. Tagg.

## V. Conclusion

For the foregoing reasons, we vacate the judgment of the trial court. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Such proceedings should include, but are not limited to, an evidentiary hearing on the question of whether Ms. Tagg waived the provisions of Paragraph 7 of the MDA, and proper compliance with Tennessee Rule of Civil Procedure 52.01. Costs of the appeal are taxed one-half to the Appellant, James W. Tagg, and his surety, and one-half to the Appellee, Sharon R. Tagg, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE